CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:07CR00078 |
| | ) | (CASE NO. 7:12CV80422) |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| RONNIE DEAN SHELTON, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Ronnie Dean Shelton, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Shelton challenges the validity of his confinement pursuant to the judgment of this court entered November 20, 2008, whereby he was convicted of distribution of methamphetamine. After consideration of the defendants' submissions and the record, the court dismisses the § 2255 motion as untimely filed.[1]

## I

A grand jury of this court returned a one-count superseding indictment on March 6, 2008, charging that Ronnie Dean Shelton knowingly possessed with intent to distribute more than 5 grams of methamphetamine. On May 29, 2008, Shelton pleaded guilty to the charge, pursuant to a written plea agreement. Under the agreement, Shelton stipulated that for sentencing purposes, he should be held responsible for at least 5, but less than 20 grams of actual methamphetamine and that he waived his right to appeal or to bring a collateral attack on the judgment under § 2255. In exchange, the government agreed to recommend that Shelton receive maximum credit for acceptance of responsibility and that he be sentenced at the low end of the applicable custody range under the advisory guidelines.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

Shelton's presentence report (PSR) indicated that he should be sentenced as a career offender, based on two prior controlled substance offenses, see United States Sentencing Manual (USSG) § 4B1.1, and that he should not receive any reduction for acceptance of responsibility. The court granted the full reduction for acceptance, but otherwise adopted the presentence report without change. Under § 4B1.1, Shelton's criminal history category was VI and his base offense level was 34, reduced by three levels for acceptance of responsibility, for a total offense level of 31, and a custody range of 188 to 235 months imprisonment. The court sentenced Shelton to 188 months in prison, and he did not appeal.

In his § 2255 motion, Shelton alleges that he is actually innocent of being a career offender and that counsel was ineffective for failing to argue that five grams of cocaine was insufficient to support possession with intent to distribute. The court filed the § 2255 motion conditionally, notified Shelton that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely.

Shelton has responded with additional argument on the issue of timeliness. However, after considering this additional material, the court concludes that the § 2255 motion must be dismissed as untimely.

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

2

is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Shelton on November 20, 2008. Because he did not appeal the judgment, his conviction became final on December 5, 2008, when his opportunity to appeal expired.[2] Shelton then had one year–until December 7, 2009–in which to file a timely § 2255 motion. Shelton filed his § 2255 motion, at the earliest, when he signed it on March 14, 2012. As such, his motion is untimely under § 2255(f)(1).

Shelton argues that his procedural default–the untimely filing of his § 2255 motion– should be excused because Shelton is actually innocent of being a career offender. This argument fails for two reasons.

First, the United States Court of Appeals for the Fourth Circuit recognizes an "actual innocence" exception to procedural default of noncapital sentencing claims only in the rare circumstance where the defendant proves by clear and convincing evidence that he is actually

---

[2] See Fed. R. App. P. 4(b)(1)(A) (2008) (providing for 10-day period to file notice of appeal); Fed. R. App. P. 26(a)(3) (2008) (excluding public holidays when counting period of less than 11 days).

3

innocent of one of the prior convictions that made him eligible for sentencing as an habitual offender. United States v. Pettiford, 612 F.3d 270, 284-85 (4th Cir. 2010) (interpreting United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999); United States v. Maybeck, 23 F. 3d 888, 893 (4th Cir. 1994)).  Shelton does not present any facts indicating that he is actually innocent of either of the prior state drug convictions that qualified him for sentencing as a career offender.

In any event, Shelton was properly sentenced as a career offender.  A prior drug trafficking conviction qualifies as a predicate offense under § 4B1.1 if the offense of conviction was punishable by more than one year.  § 4B1.2(b).  Shelton was sentenced to more than one year on each of the prior offenses on which the court relied to sentence Shelton as a career offender.[3]

Shelton fails to demonstrate any other reason that his § 2255 should not be dismissed as untimely under § 2255(f)(1).  He does not allege facts on which he is entitled to calculation of his statutory filing period under any of the other subsections of § 2255(f).  Nor does Shelton present any ground on which he is entitled to equitable tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition).

---

[3] The two prior offenses were:  a conviction in the Floyd County Circuit Court in July 1998 for three counts of distribution of cocaine, for which Shelton was sentenced to a total of 15 years imprisonment, with 13 years suspended; and a conviction in the Salem City Circuit Court in May 1998 for conspiracy to distribute cocaine, for which Shelton was sentenced to four years imprisonment, with three and a half years suspended.  (PSR ¶¶ 32 & 33.)

4

For the reasons stated, the court concludes that Shelton's § 2255 motion must be dismissed as untimely filed. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This ___8th___ day of May, 2012.

Chief United States District Judge